FELDBLUM v. CONGREGATION BIKUR CHOLIM OF BROOKLYN, E. D.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

INSURANCE (§ 719*)—MUTUAL BENEFIT SOCIETIES—AMENDMENTS TO BY-LAWS—
ABOLISHING BENEFITS.

> Where the by-laws of a mutual benefit society when plaintiff, a woman, joined it admitted men and women on equal terms and allowed a weekly sick benefit, a subsequent amendment, adopted against plaintiff's protest, which deprived the female members alone of the weekly benefits, reducing their dues as a compensation, was not binding upon plaintiff; her right to the benefits being a vested right, which could not be taken without her consent.

> [Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855; Dec. Dig. § 719.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Ida Feldblum against Congregation Bikur Cholim of Brooklyn, E. D. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, BURR, and RICH, JJ.

Jacob S. Strahl, for appellant.
A. Feldblum, for respondent.

WOODWARD, J.  The plaintiff has recovered a judgment of $24 as sick benefits under a contract with the defendant, and the latter appeals from the judgment.

The plaintiff has been a member of the defendant for about 12 years, and there is no question about her being in good standing; nor is there any question that under her contract she is entitled to the amount for which she has judgment. It is claimed, however, that the original contract, in so far as it provides sick benefits for her, has been abrogated by an amendment to the defendant's by-laws adopted in July, 1904. It appears that the defendant has a membership of about 123 members, of whom 8 are widows of deceased members. As the by-laws stood when the plaintiff became a member, she was entitled to $3 per week for sick benefits. By the amendment of July, 1904, which was adopted against the plaintiff's protest, it was provided that:

"In case of the death of a member, if his wife shall desire to remain a member, she, as well as the women now members of this society, shall not be entitled to any sick benefits. They shall, however, pay only 75 cents per month dues."

So far as appears, the men and women were originally admitted on equal terms, each paying 50 cents semimonthly. By this amendment the women alone are deprived of the weekly benefit, and as a compensation for this they are allowed to pay only 75 cents per month, as against $1 by the men; the argument being that because the 7 widows, members of the society, paying a yearly sum of $84, drew sick benefits aggregating $91 in a given year, the society must eventually become

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bankrupt. This is apparently the only foundation for this discrimination against the women, in an unfortunate minority in the society, and we are clearly of the opinion that there is no possible legal foundation for this amendment, and that it could not be made to operate against any one who refused to acquiesce in the change of contract. The cases decided by this court, and by the Court of Appeals, bearing upon this question, are too recent, and too conclusive upon the general proposition, to warrant citation or discussion at this time. The broad proposition has been fully established that the rights of the insured, in so far as the benefits are concerned, cannot be taken away or abridged without his consent; and certainly, where the amendment shows a discrimination against a class of members, it would be remarkable if the court should sanction the action in such a way as to deprive a member of a vested right.

The judgment appealed from should be affirmed, with costs. All concur.